UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRANCE TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-02362 (UNA) |
| v. ) | |
| ) | |
| TRINITY LAW, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Sterling, Virginia, sues what appears to be a law firm and two of its attorneys, with associated addresses in Pennsylvania. Within the body of the complaint, Plaintiff also lists several federal agencies, including the United States Special Operations Command, the Federal Bureau of Investigation, the Central Intelligence Agency, the Secret Service, the Internal

1

Revenue Service, the United States Securities and Exchange Commission, the United States Department of Health & Human Services, the Center for Disease Control, and the National Institute of Health.  It is unclear if these agencies are intended as defendants or if plaintiff simply wants them noticed regarding this case.  In any event, Plaintiff fails to properly name the defendants and to specify their contact information as required by D.C. LCvR 5.1(c)(1).

The claims themselves fair no better and are difficult to decipher.  The complaint is comprised mostly of Plaintiff's personal ruminations and conspiracy theories regarding the defendant law firm's alleged refusal to hire him due to his refusal to make in person appearances, because of COVID.  It also expounds on his belief in the existence of a "death cult," and the purported ongoing surveillance efforts by the "FBI and gchq and nsa teams in space and using space technology threatening people for wanting to fight back against these people while threatening to get you sick. These people with technology claim they control the germs and you need to do what they say."  The relief sought is unclear; Plaintiff demands that "all work be performed in office and no telecommuting, no remote, [he] wants workers sick [and] infected[,]" although such demands appear contrary to his original position.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  So a court is obligated to dismiss a complaint as frivolous "when the facts

alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant complaint falls squarely into this category.  In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   October 23, 2023                    _____
                                                  JIA M. COBB
                                     United States District Judge